IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| John Oshaunghessy; Val McDowell-Oshaunghessy,<br><br>Plaintiffs,<br><br>vs.<br><br>United Equity, LLC; IndyMac Bank; OneWest Bank, FSB,<br><br>Defendants. | Civil Action No.: 7:12-cv-00860-JMC-JDA<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

Plaintiffs brought this action pro se in the South Carolina Court of Common Pleas for Spartanburg County. [Doc. 1-1.] On March 26, 2012, Defendants removed the action to this Court on the basis of diversity jurisdiction. [Doc. 1.] On March 28, 2012, the Court issued an Order advising Plaintiffs of the removal case number and their duty to notify the Clerk of Court of any change of address, as well as requesting Plaintiffs to submit a signed copy of the Complaint and Pro se Party's Answers to Rule 26.01 Interrogatories ("LR 26.01 interrogatories"). [Doc. 9.]

On March 29, 2012, Defendant OneWest Bank, FSB ("OneWest") filed a motion to dismiss for failure to state a claim. [Doc. 11.] Also on March 29, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiffs were advised of the dismissal procedure and the possible consequences if they failed to adequately respond to the motion. [Doc. 12.] Plaintiffs filed a response in opposition on May 1, 2012 [Doc. 17], and OneWest filed a reply on May 8, 2012 [Doc. 18].

Despite the Court's Order allowing Plaintiffs until April 16, 2012 to submit a signed copy of the Complaint and answers to LR 26.01 interrogatories, Plaintiffs failed to submit these items by the deadline. As Plaintiffs are proceeding pro se, the Court filed a second

Order on April 23, 2012, allowing Plaintiffs through May 7, 2012 to file a signed copy of the Complaint and answers to LR 26.01 interrogatories. [Doc. 15.] Plaintiffs again failed to respond to the Court's Order. On May 15, 2012, the Court filed a third Order, allowing Plaintiffs through May 29, 2012 to file a signed copy of the Complaint and answers to LR 26.01 interrogatories. [Doc. 20.] The Court specifically warned Plaintiffs that their failure to comply with the Order could result in the dismissal of their action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [*Id.*] On May 22, 2012, the Court received a signed copy of the signature page of the Complaint. [Doc. 23.] To date, Plaintiffs have failed to submit their answers to LR 26.01 interrogatories.

Based on the foregoing, it appears Plaintiffs do not intend to comply with the Court's Orders. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

    (1) the degree of personal responsibility on the part of the plaintiff;

    (2) the amount of prejudice to the defendant caused by the delay;

> (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
> (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

As Plaintiffs are proceeding pro se, they are personally responsible for their failure to file answers to LR 26.01 interrogatories. Plaintiffs have had almost three months to file their answers to the interrogatories and have received three orders from the Court to do so. The Court has warned Plaintiffs the case would be dismissed pursuant to Rule 41(b) if Plaintiffs failed to comply with the Court's Order. [Doc. 20.] Despite this warning, Plaintiffs have elected not to submit answers to LR 26.01 interrogatories. Because Plaintiffs have already ignored three deadlines set by the Court, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

June 15, 2012
Greenville, South Carolina